UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ERIC ANDREWS,

                                        Plaintiff,

                    -against-

ALL OF THE OFFICERS IN E-NORTH;
SULLVAN CORRECTIONAL FACILITY,

                                        Defendants.

21-CV-10518 (LTS)

ORDER TO AMEND

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is currently incarcerated at Sullivan Correctional Facility ("Sullivan"),

brings this *pro se* action under 42 U.S.C. § 1983, alleging that the correctional staff at Sullivan

are violating his constitutional rights because he is Black.[1] By order dated March 7, 2022, the

Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without

prepayment of fees.[2] For the reasons set forth below, the Court grants Plaintiff leave to file an

amended complaint within 60 days of the date of this order.

### STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought

by prisoners who seek relief against a governmental entity or an officer or employee of a

governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP

complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim

---

[1] Plaintiff first filed this action in the United States District Court for the Northern
District of New York, and on December 9, 2021, that court transferred the action here. (ECF 10.)
Because Plaintiff had not submitted a prisoner authorization form for this court, he was directed
to file a new authorization, which he did on December 21, 2021. (ECF 12.)

[2] Prisoners are not exempt from paying the full filing fee even when they have been
granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that, under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

This action arises from events that occurred at Sullivan during Plaintiff's incarceration. Plaintiff names as defendants Sullivan itself and all correction officers in "E-North"; he does not state when the events described below occurred. The following facts are taken from the compliant, verbatim:

> they is violated my rights they hate me because I am a Black man the[y] will not protect me against these people that is working here that is judging me because the color of my skin they also paying the gangs to hurt me and the officer keep calling me a nigger and they is going to [illegible] me they read all my mail . . . it is other things but I cannot put it on paper and I know most of the officer name I just cannot spell it.

(ECF 2, at 4.) He brings failure to protect, equal protection, and excessive force claims, and seeks "justice . . . and bringing these officer[s] to court for excessive force and other [claims]." (*Id.* at 5.)

## DISCUSSION

### A.    Eleventh Amendment

"[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ."  *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id*. New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting 42 U.S.C. § 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977).

Plaintiff's Section 1983 claims against Sullivan, which is a correctional facility operated by a New York State agency, are therefore barred by the Eleventh Amendment and are dismissed.[3] *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

**B.      Rule 8 of the Federal Rules of Civil Procedure**

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to make a short and plain statement showing that the pleader is entitled to relief from the named defendants. The Supreme Court has held that, under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Twombly*, 550 U.S. at 570. The rule is designed to ensure that defendants receive fair notice of the claims against them and the grounds on which they rest. *See id.* at 555. Specific facts are not necessary. A complaint need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Id.* (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 (1957), *abrogated on other grounds by Twombly*, 550 U.S. at 561-62).

Here, Plaintiff does not state enough facts to ensure that all officers stationed in Sullivan's E-North receive fair notice of the claims against each officer. Plaintiff's claims, which do not include dates and specific facts regarding each incident, do not suggest that Plaintiff is entitled to relief from any correction officer.

---

[3] While state entities are generally immune from suit under the Eleventh Amendment, an exception exists in suits for injunctive relief. *Ex parte Young*, 209 U.S. 123 (1908). This doctrine "allows a suit for injunctive relief challenging the constitutionality of a state official's actions in enforcing state law" because such an action is "not one against the State." *Ford v. Reynolds*, 316 F.3d 351, 354-55 (citing *CSX Transp. v. N.Y. State Office of Real Prop. Servs.*, 306 F.3d 87, 98 (2d Cir. 2002)). When deciding whether the *Ex parte Young* doctrine applies, a court need only consider "whether the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Verizon Md. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 636 (2002) (internal citation and quotation marks omitted). It appears Plaintiff is alleging ongoing violations of his constitutional rights and may seek prospective injunctive relief.

In light of Plaintiff's *pro se* status, and his clear intention to assert constitutional claims against individual officers, the Court grants him leave to file an amended complaint naming individual officers and stating facts in support of each claim against each officer. In the amended complaint, Plaintiff should name the officer or officers who he asserts violated his constitutional rights, provide the date(s) in which the violation occurred, and describe the incident(s). If Plaintiff does not know the name of the officer, or cannot spell the officer's name, he can identify such a defendant as a John Doe defendant, with identifying information.[4]

## C.    All the Officers in E North

To state a claim under Section 1983, a plaintiff must allege facts showing the defendants' direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.") (internal quotation marks omitted). A defendant may not be held liable under Section 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior."). Rather, "[t]o hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official . . . ." *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020).

As noted above, Plaintiff does not allege any facts showing how any individual correction officer was involved personally in the events underlying his claims. Should Plaintiff file an

---

[4] In the "Leave to Amend" section below, the Court provides Plaintiff with instructions on amending his complaint.

amended complaint, he is directed to identify individual officers as defendants rather than bring this lawsuit against "All the officers in E-North" as a defendant.

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid claims, the Court grants Plaintiff 60 days' leave to amend his complaint to detail his claims.

Plaintiff is granted leave to amend his complaint to provide more facts about his claims. First, Plaintiff must name as the defendant(s) in the caption[5] and in the statement of claim those individuals who were allegedly involved in the deprivation of his federal rights. If Plaintiff does not know the name of a defendant, he may refer to that individual as "John Doe" or "Jane Doe," providing descriptive information that can be used to identify the individual, in both the caption and the body of the amended complaint.[6] The naming of John Doe defendants, however, does *not*

---

[5] The caption is located on the front page of the complaint. Each individual defendant must be named in the caption. Plaintiff may attach additional pages if there is not enough space to list all of the defendants in the caption. If Plaintiff needs to attach an additional page to list all defendants, he should write "see attached list" on the first page of the Amended Complaint. Any defendants named in the caption must also be discussed in Plaintiff's statement of claim.

[6] For example, a defendant may be identified as: "Correction Officer John Doe #1 on duty August 31, 2020, at Sullivan Correctional Facility, during the 7-3 p.m. shift."

toll the three-year statute of limitations period governing this action and Plaintiff shall be responsible for ascertaining the true identity of any "John Doe" defendants and amending his complaint to include the identity of any "John Doe" defendants before the statute of limitations period expires. Should Plaintiff seek to add a new claim or party after the statute of limitations period has expired, he must meet the requirements of Rule 15(c) of the Federal Rules of Civil Procedure.

In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## CONCLUSION

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within 60 days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 21-CV-10518 (LTS). An Amended Civil Rights Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court dismisses all claims brought against Sullivan Correctional Facility under the Eleventh Amendment. *See* 28 U.S.C. § 1915(e)(B)(iii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:   March 14, 2022
         New York, New York

                                             /s/ Laura Taylor Swain
                                             LAURA TAYLOR SWAIN
                                             Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.


-against-

_____

_____

_____

_____

Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

_____CV_____

(Include case number if one has been assigned)

**AMENDED**

**COMPLAINT**

(Prisoner)

Do you want a jury trial?
☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

---

## I.   LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.   PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

First Name                     Middle Initial                Last Name

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

Current Place of Detention

Institutional Address

County, City                                State                        Zip Code

## III.   PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

## IV.    DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

First Name                    Last Name                         Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                            State                      Zip Code

Defendant 2:

First Name                    Last Name                         Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                            State                      Zip Code

Defendant 3:

First Name                    Last Name                         Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                            State                      Zip Code

Defendant 4:

First Name                    Last Name                         Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                            State                      Zip Code

## V.    STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

## VII.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.


Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.


| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Prison Address

| | | |
|---|---|---|
| County, City | State | Zip Code |


Date on which I am delivering this complaint to prison authorities for mailing: _____