UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
ERIC ANDREWS,

                Plaintiff,

v.

OFFICER FROM SULLIVAN
CORRECTIONAL FACILITY, et al.,

                Defendants.
----------------------------------------------------------X

**ORDER OF DISMISSAL**

21-CV-10518 (PMH)

PHILIP M. HALPERN, United States District Judge:

Eric Andrews ("Plaintiff"), who is incarcerated at Sullivan Correctional Facility ("Sullivan"), is proceeding *pro se* and *in forma pauperis* ("IFP"). Plaintiff filed this action under 42 U.S.C. § 1983, alleging that unidentified Correctional Officers, employed at Sullivan, violated his constitutional rights. (Doc. 1). By Order dated March 14, 2022, Chief Judge Laura Taylor Swain granted Plaintiff leave to amend his complaint to address deficiencies in his original pleading. (Doc. 14). Plaintiff filed an amended complaint on March 29, 2022 (Doc. 15), and the action was reassigned to this Court on May 10, 2022.

For the reasons set forth below, the amended complaint is DISMISSED for failure to state a claim.

**STANDARD OF REVIEW**

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such

to name individual officers and state facts in support of each claim against each officer. (Doc. 14 at 8).

Plaintiff, in the amended complaint, names as Defendants four "Correctional Officers from 3 to 11." (Doc. 15 at 3). He states that the events giving rise to his claims occurred at Sullivan, and at Attica, located in Attica, Wyoming County, New York, which is in the Western District of New York. He also states that the events occurred "last year in 2021 and this year 2022." (*Id.* at 4).

The following facts are drawn from the amended complaint.

> This matter started in Attica Correctional last year ok they was going to kill me ok so they made me almost kill myself to get away from them then when I came in this facility they is doing the same ok to this day I have to watch myself ok because now they is sending females to set me up ok now I have to walk around with my back to the wall My family been fighting with me since I got out of Attica ok and every day they come in sit or [illegible] saying they is going to kill me and I am not safe ok where I was in Warsaw hospital near Attica the officers was saying to me to hurry up and die now I get people walking around with weapon waiting for the right time to stab me ok the superintendent doesn't was to do anything it been [illegible] and I was almost one of them ok so right now I am not afraid but I am not safe in any facility ok.

(*Id.*). Plaintiff, in support of his claims, suggests that the Court "could ask for my paperwork from Attica and Sullivan and the paperwork from when I was in Warsaw Hospital." (*Id.* at 5). Warsaw Hospital, like Attica, is located in Wyoming County (i.e., the Western District of New York).

Plaintiff states with respect to his injuries that, "I put something in my mouth and it got into my body and it almost kill me and I got medical treatment in Attica in Warsaw Hospital ok." (*Id.*). For relief, he asks the Court "to bring these officers to justice for almost killing me from Attica to this jail[.]" (*Id.*). He also seeks money damages from "each officer from these facilities to pay one million dollars each from Attica to Sullivan ok." (*Id.*).

3

Plaintiff states in a letter addressed to Chief Judge Swain, and attached to the amended complaint, that there are several individuals who "could tell" the Court "everything what happened to me," providing their names. (*Id.* at 7).

## DISCUSSION

### I. Federal Rule of Civil Procedure 8

Rule 8 requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. A complaint states a claim for relief if the claim is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To review a complaint for plausibility, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the pleader's favor. *Iqbal*, 556 U.S. at 678-79 (citing *Twombly*, 550 U.S. at 555). The Court need not accept, however, "[t]hreadbare recitals of the elements of a cause of action," which are essentially legal conclusions. *Id.* at 678 (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

### II. Personal Involvement

To state a claim under § 1983, a plaintiff must allege facts showing the defendants' direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." (internal quotation marks omitted)). A defendant may not be held liable under § 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Iqbal*, 556 U.S. at 676 ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior."). Rather,

4

"[t]o hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official . . . ." *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020).

Plaintiff fails to state a clam showing that he is entitled to relief because he does not name any identifiable defendant. To bring a claim under § 1983, Plaintiff must identify a defendant—either by naming the individual with his real name or by providing a description of a "John Doe" defendant—and include that individual in the caption of the pleading. While Plaintiff has named what can be construed to be John Doe defendants, he does not describe these defendants with enough detail to enable the Court to direct the New York State Attorney General's Office, under *Valentin v. Dinkins*, 121 F.3d 72 (2d Cir. 1997), to identify such individuals. The amended complaint instead contains only broad assertions that are insufficient to raise a plausible inference that any particular correctional officer was involved personally in any illegal conduct. Although Plaintiff repeatedly asserts that correctional staff at Attica wanted to "kill" him, and that this intention continued at Sullivan, these allegations are "devoid of facts that would render [them] plausible as opposed to merely conceivable." *Baines v. City of New York*, No. 10-CV-09545, 2015 WL 3555758, at *12 (S.D.N.Y. June 8, 2015) (citing *Twombly*, 550 U.S. at 570); *see also Dorsey v. Fisher*, No. 09-CV-01011, 2009 WL 4985421, at *3 (N.D.N.Y. Dec. 15, 2009) ("[A]lthough a plaintiff does not need to provide detailed factual allegations, the allegations in the complaint must be enough to raise a right to relief above the speculative level." (citations omitted)). The claims are therefore dismissed for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); 28 U.S.C. § 1915A.

IV. <u>Claims Arising at Attica and Warsaw Hospital</u>

Plaintiff largely complains of incidents that occurred at Attica and Warsaw Hospital, both of which are in Wyoming County in the Western District of New York. *See* 28 U.S.C. § 112(d) (the Western District of New York includes Wyoming County). Because Plaintiff does not name any defendant who is employed at either Attica or Warsaw Hospital, the Court declines to transfer this action to the Western District of New York. If Plaintiff intends to bring claims regarding those events, he must proceed with a new action in the United States District Court for the Western District of New York and name the individual defendants who he asserts violated his rights.

V.     Leave to Amend Denied

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects, but leave to amend may be denied if the plaintiff has already been given an opportunity to amend but has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).

On March 14, 2022, Chief Judge Swain granted Plaintiff leave to amend his complaint to address deficiencies in his original pleading, providing Plaintiff with specific instructions. For example, Chief Judge Swain directed Plaintiff to name individual officers and state facts in support of each claim against each officer. In his amended complaint, however, Plaintiff chose not to name any individual officer, even though he stated in the original complaint that he knew the names of defendants. Although the allegations raised here are undoubtedly serious, to proceed with this lawsuit, Plaintiff must name identifiable defendants. As Chief Judge Swain already granted Plaintiff the opportunity to correct this deficiency and Plaintiff declined to do so, the Court perceives no need to grant Plaintiff another opportunity to amend.

## CONCLUSION

The Court dismisses the amended complaint for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); 28 U.S.C. § 1915A.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

**SO ORDERED:**

Dated: White Plains, New York
May 18, 2022

_____
PHILIP M. HALPERN
United States District Judge